988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ELECTRONIC DATA SYSTEMS CORPORATION, Appellant,
v.
Donald B. RICE, Secretary of the Air Force, Appellee,
and
PRC, Inc., Intervenor.
 No. 92-1511.
 United States Court of Appeals, Federal Circuit.
 Dec. 2, 1992.
 
 VACATED AND REMANDED.
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 PRC, Inc. moves to dismiss Electronic Data Systems' (EDS) appeal as moot. PRC states that the United States has authorized it to state that it does not oppose. EDS opposes. PRC moves for leave to reply to EDS's opposition, with reply attached.
 
 
 2
 PRC argues that EDS's appeal is moot because on September 14, 1992, the Air Force cancelled the Local Area Network System Engineering Integration and Installation (LAN SEII) procurement that was the subject of the General Services Board of Contract Appeals decision on appeal. PRC states that the Air Force announced that the procurement had been redefined and incorporated into a new acquisition to be released in the future. Therefore, PRC argues:
 
 
 3
 [n]either EDS nor any other offeror, will receive award of a LAN SEII contract under the now cancelled solicitation that is the subject of this protest. Thus, EDS's appeal of the Board's decision is a purely theoretical pursuit. EDS stands to gain no legally cognizable remedy.
 
 
 4
 In response, EDS argues that its appeal is not moot because "there is a genuine possibility that, following a reversal of all or part of the GSBCA's decision, the Air Force will roll LAN SEII back out and reinstate its award to EDS." EDS adds that, if this court determines that the case is moot, the proper disposition is to vacate the decision of the Board and to remand the case with instructions to dismiss the complaint as moot. See United States v. Munsingwear, 340 U.S. 36 (1950); Texas Instruments, Inc. v. United States Int'l Trade Comm'n, 851 F.2d 342 (Fed.Cir.1988). In reply, PRC argues that Board decision "should be undisturbed to protect the right of PRC and Network Solutions (not a party to the instant appeal) promptly to obtain reimbursement of legal fees and expenses to which they are entitled as prevailing parties under the Brooks Act."
 
 
 5
 Given the Air Force's announcement that the LAN SEII procurement has been incorporated into a future acquisition, we agree with PRC that EDS's appeal is moot. Under Munsingwear, 340 U.S. at 39, the proper disposition of this appeal is vacatur of the Board's decision and remand with a direction to dismiss EDS's complaint.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) PRC's motion to dismiss is denied.
 
 
 8
 (2) EDS's motion for leave to file a reply is granted.
 
 
 9
 (3) The GSBCA's April 30, 1992 decision in GSBCA Nos. 11498-P and 11532-P is vacated. The case is remanded to the GSBCA with directions to dismiss EDS's complaint.
 
 
 10
 (4) Each side shall bear its own costs.